Michael F. Ram, SBN 104805
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923
mram@ForThePeople.com

Jean S. Martin (*Pro Hac Vice*)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
jeanmartin@forthepeople.com

*Attorneys for Plaintiff and the Class*

*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW BECKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LISI, LLC, and AMWINS GROUP, INC.,<br><br>Defendants. | CASE NO. 4:21-CV-03295<br><br>**<u>CLASS ACTION</u>**<br><br>**NOTICE OF MOTION AND RENEWED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 2

II. BRIEF BACKGROUND ............................................................................................... 2

    A. Plaintiff's Claims ................................................................................................ 2

    B. Certification of the Settlement Class .................................................................. 3

    C. Relief for the Settlement Class Members ........................................................... 3

    D. Attorneys' Fees, Expenses, and Service Award ................................................. 3

    E. Addressing The Procedural Guidelines .............................................................. 4

        1. Guideline 1(c): The Released Claims are Commensurate with the Claims and Factual Predicate of the Complaint ........................................... 4

        2. Guideline 1(e): The Settlement Relief Provides a Favorable Recovery in Relation to Full Recovery at Trial ........................................... 5

        3. Guideline 2: Details of Settlement Administration ..................................... 7

        4. Guideline 11: This Settlement Compares Favorably with Past Settlements ................................................................................................. 8

        5. Guideline 6: Attorneys' Fees ....................................................................... 8

        6. Other Questions Raised By The Court ....................................................... 9

III. Conclusion ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Cases

*Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686 (N.D. Cal. 2019) ...................................................... 6

*Briseño v. Henderson*, 998 F.3d 1014 (9th Cir. 2021) ...................................................................... 8

*In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021) ................................................................................................................... 6

*In re GEICO Gen. Ins. Co.*, No. 19-CV-03768-HSG, 2022 WL 2981824 (N.D. Cal. July 28, 2022) ................................................................................................................................. 9

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.,* 341 F.R.D. 128 (D. Md. 2022) ......... 6

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-MD-2633 (D. Or.) ........... 6

*Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996) ........................................................... 4

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Matthew Becker hereby moves the Court, pursuant to Federal Rule of Civil Procedure 23(e), for the entry of an Order:

1. Preliminarily approving the Settlement Agreement between Plaintiff and Defendants Lisi, LLC and AmWins Group, Inc. ("Defendants");

2. Approving the form, manner, and content of the notice for the proposed settlement to the Class;

3. Appointing Angeion Group as the Claims Administrator;

4. Appointing Jean S. Martin, Francesca Kester, Marie N. Appel, and Michael F. Ram of Morgan & Morgan and Micah S. Adkins of The Adkins Firm, P.C. as Class Counsel; and

5. Setting a Fairness Hearing date and briefing schedule for final approval of the Settlement and consideration of Proposed Class Counsel's fee application and Plaintiff service award.

The grounds for this motion are that the proposed settlement is within the necessary range of reasonableness to justify granting preliminary approval pursuant to Rule 23(e). This motion is based upon the original Motion for Preliminary Approval of Class Action Settlement and supporting Memorandum of Law and accompanying exhibits [ECF No. 38], this Renewed Unopposed Motion for Preliminary Approval and Supporting Memorandum of Points and Authorities, the Settlement Agreement entered into by the Parties, the Declaration of James Monagle and Declaration of Steven Weisbrot filed herewith, pleadings and papers on file in this action, and other such documentary evidence as may be presented to the Court on the Motion.

Pursuant to this Court's calendaring instructions and Civil Local Rule 7-1(b), Plaintiff hereby requests that this Motion be determined without oral argument.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Matthew Becker filed his initial motion for preliminary approval ("Initial Motion") on February 25, 2022. (ECF No. 38). On September 1, 2022, this Court entered an Order denying the Initial Motion for preliminary approval, advising Plaintiff of deficiencies in the Initial Motion that prevented the Court from properly evaluating the Settlement, and directing Plaintiff to address those deficiencies in a supplemental submission. (ECF No. 41).

Plaintiff Matthew Becker submits this Memorandum of Law in support of his Renewed Unopposed Motion for Preliminary Approval of the Class Action Settlement ("Renewed Motion"). In this Renewed Motion, Plaintiff addresses, under the Court's direction, the Northern District of California's *Procedural Guidelines for Class Action Settlements* ("Guidelines") and other deficiencies raised by the Court to provide sufficient information to permit the Court to affirm the provisional certification of the Settlement Class as fair, reasonable, and adequate under Rule 23 and to direct notice of the Settlement to be disseminated.

To prevent redundancy, this Renewed Motion for Preliminary Approval is based upon and incorporates herein by reference the Initial Motion and accompanying Memorandum of Points and Authorities and all its attachments (including the Settlement Agreement); the Proposed Order Granting Preliminary Approval of Class Settlement; and all records, pleadings and papers filed in this action.

**II.   BRIEF BACKGROUND**

   **A.   Plaintiff's Claims**

On May 4, 2021, Plaintiff Matthew Becker filed a Class Action Complaint against LISI, LLC and AmWins Group, Inc. ("Defendants") after receiving a Notice of Data Breach from LISI and experiencing identity theft. The Complaint asserted causes of action for negligence, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. (the "UCL"), breach of confidence, and injunctive and declaratory relief.

**B.     Certification of the Settlement Class**

Under the terms of the Settlement Agreement, the Parties agree to certification of a nationwide Settlement Class, for settlement purposes only, defined as follows:

> all persons residing in the United States whose personally identifiable information was compromised as a result of the Data Security Incident that was announced by Defendants in July of 2020.

**C.     Relief for the Settlement Class Members**

<u>Identity Theft/Credit Monitoring Service</u>: Defendants have agreed to provide all Settlement Class Members an additional 24 months of credit monitoring service by IDX, whether or not they enrolled when the service was initially offered by Defendant. Settlement Agreement ("SA") § 5.2. (ECF No. 38-1).

<u>Reimbursement of Expenses</u>: Defendants have agreed to make payments to Settlement Class Members who file a valid claim for out-of-pocket losses related to the Data Security Incident. These claims are capped at $1,500.00 per Settlement Class Member. SA § 5.3.

<u>Reimbursement of Time</u>: Settlement Class Members may receive compensation for up to three hours of lost time spent dealing with the Data Security Incident, at the rate of $25.00 per hour. Settlement Class Members need not submit any supporting documentation of that lost time, but simply must attest that the time claimed was spent dealing with the Data Security Incident. SA § 5.3.

The proposed Settlement is a claims-made settlement, subject to an aggregate cap of $200,000.00 for claims for reimbursement of expenses and lost time. The 24 months of IDX identity theft/credit monitoring service is not subject to any cap or limit and will be provided to any and all Settlement Class Members who chose to enroll.

**D.     Attorneys' Fees, Expenses, and Service Award**

Additionally, the parties have agreed that Proposed Class Counsel will apply for an award of attorneys' fees and expenses not to exceed $75,000. SA § 10.2. Proposed Class Counsel will also apply to the Court for a service award for the Plaintiff in the amount of $2,000.00. SA § 10.6. These awards are subject to Court approval. Defendants will pay any awards separately from the funds

made available to the Settlement Class and, thus, any award made by the Court will neither increase nor decrease the aggregate cap for claims of Settlement Class Members for reimbursement of expenses and lost time.

### E. Addressing The Procedural Guidelines

#### 1. Guideline 1(c): The Released Claims are Commensurate with the Claims and Factual Predicate of the Complaint

The Complaint brought claims for Negligence, Violation of California's Unfair Competition Law, Breach of Confidence, and declaratory and injunctive relief, arising from the Data Security Incident and Defendants' handling of the PII of Settlement Class Members. In exchange for the Settlement benefits, Settlement Class Members will be releasing claims related to these causes of action and other Unknown Claims arising from and related to the Data Security Incident. SA § 9. The Release is appropriately tailored to the purpose of the Settlement—a global resolution of the claims of Settlement Class Members related to the Data Security Incident.

The Released Claims differ from the claims asserted in the Complaint only insofar as the Release applies to claims arising out of or relating to the Data Security Incident that could have been but were not asserted in the Action. SA § 9.1. Courts have the power to approve a release that extinguishes not only the claims alleged in the complaint, but all claims "based on the identical factual predicate as that underlying the claims" in the settled action. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 376-77 (1996) ("[i]n order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action." (internal citations omitted)); *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 327 (N.D. Cal. 2018) (courts may release "not only those claims alleged in the complaint, but also claims based on the identical factual predicate as that underlying the claims in the settled class action." (internal citations omitted)).

Here, the Settlement's Release conforms to that principle. The Released Claims are co-extensive with the claims in the Complaint in that the Release covers only claims that were or could have been brought in the Action and only those claims relating to the Data Security Incident. SA §

9.1-9.11. Indeed, the Release expressly states that the Release shall not "release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident." SA § 9.1. Accordingly, Settlement Class Members will be releasing only claims "based on the identical factual predicate as that underlying the claims in the settled class action."

### 2. Guideline 1(e): The Settlement Relief Provides a Favorable Recovery in Relation to Full Recovery at Trial

The recovery for Settlement Class Members is two-fold. First, all Settlement Class Members may enroll in 24 months of IDX identity theft/credit monitoring service. SA § 5.2. This benefit is provided regardless of whether the Settlement Class Member experienced any out of pocket losses or other damages from the Data Security Incident and regardless of whether they make a claim in the Settlement (as long as they do not seek exclusion from the Settlement). IDX's Identity Protection Services, which includes up to $1 million of identity theft insurance coverage, retail for $9.95 per month, meaning that this benefit provides more than $117,250.00 in value to the Class for this free two years of coverage (but provides even more value when considering the added coverage of the theft insurance). (ECF. No 38-2, Martin Decl. ¶ 18). Second, Settlement Class Members may make a claim for reimbursement of out-of-pocket losses and up to three hours of lost time (at $25 per hour) dealing with the Data Security Incident, subject to an individual cap of $1,500.00 and an overall aggregate cap of $200,000.00.

While Plaintiff believes that Defendants had a duty to protect the security of Plaintiff's private data and breached that duty by failing to implement reasonable security measures, a jury might not agree. In addition, Plaintiff would anticipate a zealous "battle of the experts" with respect causation, the actual harm that arose, and the calculations of damages. Plaintiff believes he has a strong case for liability and that he would be able to recover damages on behalf of the Class; however, the range of outcome for damages is wide and unpredictable, particularly at this stage of the litigation when the Court has not been presented with a motion to dismiss or the issue of class certification. Available damages will depend upon what causes of action survive and what claims are certified.

Plaintiff is unaware of any data breach cases that have proceeded to trial to provide

illustration for the recovery that would be awarded if Plaintiff had fully prevailed on each of his claims on a class wide basis. While class wide data breach damage models remain largely untested, the typical measure of damages proffered has been a market value of PII based upon black market rates for the data points involved. *See*, e.g. *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *3 (M.D. Fla. Apr. 14, 2021) (denying *Daubert* challenge to expert using dark web average values as a methodology for calculating damages); *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 694 (N.D. Cal. 2019) (same); *cf. In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.,* 341 F.R.D. 128, 153 (D. Md. 2022) (denying class certification on plaintiffs' market theory approach but approving overpayment theory approach). Under a market theory approach, Settlement Class Members may have been able to recovery $2 - $25 per person for their Social Security numbers involved in the Data Security Incident. *See*, https://www.cnbc.com/2018/08/22/how-much-hackers-get-for-social-security-numbers-on-the-black-market.html (Social Security numbers selling from $2 - $25); *see also In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-MD-2633 (D. Or.)*,* Motion for Class Certification*,* ECF No. 156, p. 20 (valuing Social Security numbers at $5). At the highest amount of $25, Plaintiff would have only been able to recover $12,500 for the class as a whole.

With the proposed Settlement, any Settlement Class Member who spent time dealing with the Data Security Incident can seek reimbursement of up to three hours at $25 an hour. Settlement Class Members who incurred out of pocket expenses can recover up to $1,500.00. Further, all Settlement Class Members who had their PII potentially compromised, whether or not they have incurred time or expenses to date, can receive identity theft/credit monitoring services for 24 months, accompanied by a $1 million insurance policy to cover any losses during the service period.

Here, the relief for which the Settlement Agreement provides is within the range of reasonableness, especially in light of the best possible recovery and all the attendant risks of litigation. The Settlement benefits compare favorably to, and perhaps exceed, the potential class recovery if Plaintiff had fully prevailed on each of his claims. The gravamen of the litigation is Plaintiffs' contention that Defendants violated their duty to Settlement Class Members by failing to undertake reasonable security measures, leading to the exposure of their PII. However, Plaintiff

faces significant hurdles in liability in that this case does not involve a hacking of Defendants' full data systems but rather an email compromise. Plaintiffs expect Defendants would to offer substantial defenses concerning the applicability of various statutory and common law claims, including whether class members were injured and had standing. Defendants would further argue that Plaintiff and Class Members cannot establish causation for the damages they seek to redress. Although ongoing litigation may not result in an increased benefit to the Settlement Class, it would lead to substantial expenditure of resources by both Parties and the Court. Taking into account these risks and benefits, the Settlement falls within the range of reasonableness warranting approval.

### 3. Guideline 2: Details of Settlement Administration

The Parties request that the Court appoint Angeion Group as the Claims Administrator. As part of the bidding process, Counsel for Defendants received proposals from two settlement administrators. Declaration of James Monagle ("Monagle Dec."), attached hereto as Exhibit 1, ¶ 3. Given the small class size and that Defendants had mailing addresses, but not email addresses, for class members, the proposals were requested to provide estimates of direct mail notice and the establishment of a settlement website and call center. *Id*. Angeion, who has extensive experience in data breach settlements (*see*, Declaration of Steven Weisbrot ("Weisbrot Dec."), attached hereto as Exhibit 2, ¶ 11) was ultimately chosen as a result of this process, having the lowest bid. Monagle Dec. ¶ 4. Based upon prior experience with Angeion, Proposed Class Counsel was comfortable in this selection.

The accompanying Declaration of Steven Weisbrot provides further details regarding the notice program and settlement administration process. Of note, Angeion recommended sending a claim form along with the Settlement Notice to make it easier for Settlement Class Members to file claims. Weisbrot Dec. ¶ 15. With the proposed notice program, Angeion has estimated a claims rate of approximately 4%. *Id*. ¶ 23. Based upon this claims rate, Angeion estimates that costs for notice and administration services may slightly exceed $18,000, but has agreed to cap its expenses at $16,500. *Id*. ¶ 29.

### 4. Guideline 11: This Settlement Compares Favorably with Past Settlements

To address the Court's questions, Proposed Class Counsel have sought to obtain additional information on settlements involving the compromise of Social Security numbers. This information may be found in the chart attached hereto as Exhibit 3. As the chart indicates, the proposed Settlement compares favorably with other settlements for comparable class sizes that have been approved in data breach cases involving the compromise of Social Security numbers.

### 5. Guideline 6: Attorneys' Fees

At the time set by the Court, and prior to the deadline for exclusions and objections, Proposed Class Counsel will make a request for a fee award of $75,000. The Court is correct in its understanding that an award for less than that amount will not increase available settlement funds for the Settlement Class.

As noted previously, at the time of filing the Initial Motion, Proposed Class Counsel's lodestar was greater than the fee request to be made. Proposed Class Counsel's time in the case will increase as the settlement administration progresses, but the fee award request will not increase. Proposed Class Counsel is cognizant that lodestar may not be the only factor for consideration and the Court will review a fee request with "particular vigor." *See Briseño v. Henderson*, 998 F.3d 1014, 1023-28 (9th Cir. 2021) (ensuring that a settlement is fair, reasonable, and adequate requires the Court to "review class fee awards with particular vigor").  Proposed Class Counsel will provide detailed support for any award in their motion. At the final approval stage, the Court will carefully scrutinize the claims rate and other relevant data to evaluate the fairness of the settlement and the request for attorneys' fees and, thus, this factor should not preclude the granting of preliminary approval.  *See*, *In re GEICO Gen. Ins. Co*., No. 19-CV-03768-HSG, 2022 WL 2981824, at *8 (N.D.

Cal. July 28, 2022) (recognizing that the expected request for attorneys fees should not preclude preliminary approval as the Court will review a fee award at final approval).

### 6. Other Questions Raised By The Court

First, addressing the Court's concern regarding Rule 23(e)(2)(C)(iv)'s requirement that the Court consider any agreement required to be identified under Rule 23(e)(3), Plaintiff affirmatively states that there are no agreements to be identified.

Second, the proposed Settlement is designed to benefit all Settlement Class Members by providing equal access to Settlement benefits. The proposed Settlement allows for compensation to the extent of injuries suffered as a result of the Data Security Incident. All Settlement Class Members who have experienced out of pocket expenses or lost time due to the Data Security Incident may file a claim for reimbursement. All Settlement Class Members may enroll in 24 months of identity theft/credit monitoring services which come with an added benefit of a $1 million insurance policy coverage for future expenses stemming from fraud and identity theft, whether or not related to the Data Security Incident.

## III. Conclusion

For these reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement, approve the proposed notice plan, and schedule the Final Fairness Hearing.

Respectfully submitted this 28th day of October, 2022.

*Attorneys for Plaintiff and the Proposed Settlement Class*:

| Morgan & Morgan<br>Complex Litigation Group | The Adkins Law Firm, P.C. |
|---|---|
| /s Jean S. Martin<br>Jean S. Martin, *pro hac vice*<br>Francesca Kester, *pro hac vice*<br>**MORGAN & MORGAN**<br>**COMPLEX LITIGATION GROUP**<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602<br>Telephone: (813) 223-5505<br>Facsimile: (813) 223-5402<br>jeanmartin@forthepeople.com<br>fkester@forthepeople.com | Micah Stephen Adkins, *pro hac vice*<br>1025 Westhave Blvd, Suite 220<br>Franklin, TN 37064<br>Telephone: (615) 370-9659<br>Facsimile: (205) 208-9632<br>MicahAdkins@ItsYourCreditReport.com |

1  Michael F. Ram SBN 104805
   Marie N. Appel SBN 187483
2  **MORGAN & MORGAN**
   **COMPLEX LITIGATION GROUP**
3  711 Van Ness Avenue, Suite 500
   San Francisco, CA 94102
4  Telephone: (415) 358-6913

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28